UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Marcus Coleman,                                     Case No. 15-cv-1962

        Petitioner

    v.                                              MEMORANDUM OPINION

Rhonda R. Richard,

        Respondent

## I. INTRODUCTION

Before me are: (1) Magistrate Judge Thomas M. Parker's Report and Recommendation (Doc. No. 67); (2) Petitioner Marcus Coleman's objections to the R & R with supplements (Doc. Nos. 73, 76, 77); and (3) Respondent Rhonda R. Richard's responses to Petitioner's objections and supplements. (Doc. Nos. 75, 79). Additionally, Magistrate Judge Parker filed two orders concurrently with the R & R (Doc. Nos. 68, 69), to which Petitioner objects. (Doc. Nos. 70, 72). Respondent responded to these objections as well. (Doc. Nos. 71, 74).

Finally, while the R & R was pending before me, Petitioner filed: (1) a motion for recusal of the Magistrate Judge (Doc. No. 78), opposed by Respondent (Doc. No. 80); and (2) a motion for judicial notice (Doc. No. 81), to which Respondent responded (Doc. No. 82) and Petitioner replied. (Doc. No. 83). I will address all, in turn.

## II. BACKGROUND

After reviewing the state court record, I find Magistrate Judge Parker has accurately and comprehensively set forth the factual background and procedural history of this case, and I adopt those sections in full.[1] (Doc. No. 67 at 1-9).

Briefly, on October 13, 2012, Petitioner Marcus Coleman was traveling southbound on I-75 when he passed a car without using his turn signal. (Doc. No. 26-1 at 117). Because of the turn signal violation, Sergeant Kurt Beidelschies stopped Coleman. *Id.* When asked for identification, Coleman produced a Tennessee ID card bearing his picture but someone else's name. *Id.* at 118. Coleman also provided the rental agreement for the vehicle, bearing a third name. *Id.* After discovering the Tennessee ID was invalid, Sergeant Beidelschies issued Coleman a citation for driving without a license. *Id.* at 118-19. Sergeant Beidelschies also called for a wrecker to impound the car and conducted an inventory search of the vehicle. *Id.* at 119. During the search, ten small bags containing approximately 988 pills believed to be ecstasy were found in the center console. *Id.* at 119-20. Coleman was then arrested for possession of a Schedule I controlled substance. *Id.* at 119. He was charged with one count of aggravated possession of drugs in violation of O.R.C. § 2925.11(A) in the Hancock County Court of Common Pleas. *Id.* at 6, 52.

Coleman refused appointment of counsel during the trial court proceedings, instead acting *pro se* with appointed standby counsel. *Id.* at 21. He filed several motions during the trial court proceedings including a motion to suppress and two motions to dismiss. *Id.* at 25-48, 78-90. After holding a suppression hearing and considering Coleman's post-hearing memoranda, the trial court denied Coleman's motion to suppress. *Id.* at 115-29. In holding, the court found there was probable cause for the stop in accordance with the Fourth Amendment and that Coleman had not satisfied his burden of proving a Fourteenth Amendment Equal Protection Clause violation. *Id.* at

---

[1] As discussed below, the Magistrate Judge incorrectly stated Coleman was convicted and sentenced in Cuyahoga County in the section regarding the applicable law and jurisdiction. (Doc. No. 67 at 10). But the procedural and factual history both accurately reflects that Coleman was convicted and sentenced in Hancock County. *Id.* at 1-6. Therefore, even with the correction to be discussed below, the sections regarding the factual and procedural background of the case may be adopted in their entirety.

2

120-26, 128. The trial court also denied Coleman's motion to reconsider the denial of the motion to suppress. *Id.* at 137-40. The trial court denied the first motion to dismiss, but Coleman pled no contest before any ruling on his second motion to dismiss. *Id.* at 141-47.

Coleman, with the assistance of appointed counsel, timely appealed to the Ohio Court of Appeals. *Id.* at 151-54. In the appeal, he asserted the following:

> Assignment of Error I:
> The trial court erred on overruling Marcus D. Coleman's motion to suppress, in violation of the Fourth and Fourteenth Amendments to the United States Constitution, and Sections 2 and 14, Article I of the Ohio Constitution.
>
> Issue Presented for Review I:
> Were the trial court's findings of fact supported by competent, credible evidence?
>
> Issue Presented for Review II:
> Did Mr. Coleman demonstrate by a preponderance of the evidence that Sgt. Beidelschies stopped him based on Mr. Coleman's race?

(Doc. No. 26-2 at 5-25). On April 7, 2014, the Ohio Court of Appeals affirmed the trial court's judgment. *Id.* at 86-95. Coleman then timely appealed, *pro se*, to the Supreme Court of Ohio, who declined jurisdiction. *Id.* at 97-111, 127.

After direct review, Coleman timely filed a Rule 26(B) Application to Reopen, arguing his appellate counsel was ineffective by asserting the following assignments of error were not raised on direct appeal:

> 1. The trial court erred in not addressing, determining or ruling on Marcus Coleman's motion to dismiss filed on February 4, 2013, violating Mr. Coleman's Fourteenth Amendment of the United States Constitution and its Due Process Clause thereof.
>
> 2. The trial court erred in convicting Marcus Coleman of aggravated possession of N-Benzylpiperazine, a substance not identified on the State of Ohio's drug schedule. The failure of the State to not identify N-Benzylpiperazine as an illegal substance is unconstitutionally vague and a violation of the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States of America.

*Id.* at 128-36. The Ohio Court of Appeals denied the application, finding Coleman was not denied effective assistance of appellate counsel. *Id.* at 141-42. The Supreme Court of Ohio declined jurisdiction over the appeal on December 24, 2014. *Id.* at 165.

On September 23, 2015, Coleman, acting *pro se*, filed the § 2254 habeas petition currently before me, asserting the following grounds for relief:

> I. The trial court erred in overruling Marcus D. Coleman's motion to suppress in violation of the Fourteenth Amendment of the United States Constitution. Marcus D. Coleman proved beyond a preponderance of the evidence that officer Beidelschies stopped him predicated upon race.
>
> II. The trial court erred in overruling Marcus D. Coleman's motion to suppress, in violation of the Fourteenth Amendment of the United States Constitution. The trial court's findings of fact were not supported by competent credible evidence.
>
> III. The trial court erred in convicting Marcus D. Coleman for a substance not identified on the State of Ohio's drug schedule, a violation of the Fourteenth Amendment of the United States Constitution's due process.
>
> IV. The trial court erred in not addressing, determining or ruling on Petitioner's motion to dismiss, violating the Fourteenth Amendment of the United States Constitution.
>
> V. The ineffective assistance of appellate counsel, a violation of the Sixth and Fourteenth Amendment of the United States Constitution.

(Doc. No. 1). The matter was referred to Magistrate Judge Greg A. White. After ruling on several motions and objections filed by Coleman, Magistrate Judge White retired and the matter was reassigned to Magistrate Judge Thomas M. Parker. Coleman continued to file numerous motions and objections, on which Magistrate Judge Parker ruled. On November 7, 2016, Magistrate Judge Parker issued the R & R currently before me (Doc. No. 67) and ordered two of Coleman's outstanding motions be denied. (Doc. Nos. 68, 69). Coleman objects to Magistrate Judge Parker's R & R (Doc. Nos. 73, 76, 77) as well as two orders filed concurrently with the R & R. (Doc. Nos. 70, 72). Coleman has also filed two other motions related to this case. (Doc. Nos. 78, 81).

### III.    STANDARD

Under the relevant statute, "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1); *United States v. Campbell,* 261 F.3d 628 (6th Cir. 2001). The failure to file written objections to the Magistrate Judge's report and recommendation constitutes a

4

waiver of a determination by the district court of an issue covered in the report. *Thomas v. Arn*, 474 U.S. 140 (1985); *see also United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). The purpose of these written objections is "to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately'" while "focus[ing] attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (quoting *Walters*, 638 F.2d at 950, and *Arn*, 474 U.S. at 147). A district court must conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also Norman v. Astrue*, 694 F.Supp.2d 738, 740 (N.D. Ohio 2010).

IV.    DISCUSSION

Magistrate Judge Parker recommends I deny and dismiss all of grounds for relief asserted in the petition. (Doc. No. 67). In response, Coleman filed several documents in objection to the R & R. (Doc. Nos. 73, 76, 77). First, Coleman objects to the Magistrate Judge's jurisdictional conclusion, stating Coleman was convicted and sentenced in the Cuyahoga County Court of Common Pleas.[2] Respondent agrees that this was an error because Coleman was actually convicted and sentenced in the Hancock County Court of Common Pleas. But because Hancock County, Ohio is also within this court's geographic jurisdiction, I find the error to be immaterial since this court still has jurisdiction over Coleman's § 2254 petition. 28 U.S.C. § 2241(d). Coleman's remaining objects relate to the Magistrate Judge's recommendations on the grounds for relief asserted in the § 2254 petition.

"[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a

---

[2] This appears to be a mere typographical error since only the section regarding applicable law and jurisdiction makes reference to Cuyahoga County. (Doc. No. 67 at 10). The remaining sections of the R & R accurately reflect that Coleman was convicted and sentenced in Hancock County. *Id.* at 1-6.

5

federal habeas court to reexamine state-court determinations on state-law questions."). Instead, under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only* on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). A federal court may not consider "a mere error of state law, if one occurred, as a denial of due process" "unless [it] rise[s] for some other reason to the level of a denial of rights protected by the United States Constitution." *Gryger v. Burke*, 334 U.S. 728, 731 (1948); *Barclay v. Florida*, 463 U.S. 939, 957-58 (1983); *see also Wainwright v. Goode*, 464 U.S. 78, 86 (1983).

Even if a ground for relief is cognizable for federal habeas review, the petitioner must exhaust his state court remedies before a district court can entertain a § 2254 claim on the merits. 28 U.S.C. § 2254(b)(1). To satisfy the exhaustion requirement, "the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see also* 28 U.S.C. § 2254(b)(1)(A), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). "If a petitioner does not satisfy the procedural requirements for bringing an error to the state court's attention—whether in trial, appellate, or habeas proceedings, as state law may require—procedural default will bar federal review." *Magwood v. Patterson*, 561 U.S. 320, 340 (2010); *see also O'Sullivan*, 526 U.S. at 848; *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). In other words, if a petitioner fails to timely exhaust his state court remedies and is now barred from doing so under state law, the claim may not be considered on federal habeas review "unless the petitioner can demonstrate cause and prejudice for the default." *Gray v. Netherland*, 518 U.S. 152, 162 (1996).

6

Any ground for relief that has been properly exhausted and is cognizable for federal habeas review may be considered on the merits. Under AEDPA,

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "'[C]learly established Federal law' in § 2254(d)(1) 'refers to the holdings, as opposed to the dicta, of this Court's decisions as of the time of the relevant state-court decision.'" *Carey v. Musladin*, 549 U.S. 70, 74 (2006) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).

A state court decision is "contrary to" federal law if the state court: (1) "applies a rule that contradicts the governing law set forth in our cases"; or (2) "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent." *Williams*, 529 U.S. at 405-06. Meanwhile, a decision involving an "unreasonable application of" federal law occurs when "the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. To be considered an "unreasonable application," the state court decision must be "more than incorrect or erroneous" but "objectively unreasonable." *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (quoting *Williams*, 529 U.S. at 409).

A.   No Contest Plea

Magistrate Judge Parker recommends, in part, that I deny Coleman's third and fourth grounds for relief on the basis of Coleman's no contest plea. Coleman objects.

Before considering any preclusive effect of the plea, I will briefly address the fundamental jurisdictional and "voluntary and intelligent character" requirements of a plea. *Werth v. Bell*, 692 F.3d 486, 495 (6th Cir. 2012). Coleman does not challenge the fact that he voluntarily and intelligently

7

entered the no contest plea, but does argue that the trial court did not have jurisdiction. He supports his claim by stating that N-Benzylpiperazine was a Schedule I controlled substance under federal law rather than Ohio law. But because all drugs added to the federal schedule of laws are "automatically effected in the corresponding schedule or schedules" of Ohio law, I find this argument lacks merit. O.R.C. § 3719.43. Coleman concedes N-Benzylpiperazine was a Schedule I controlled substance under federal law. In turn, it is necessarily a Schedule I controlled substance under Ohio law as well and therefore the trial court had jurisdiction over Coleman's drug charge. Because both basic requirements of a valid plea are met, I may now consider the preclusive effect, if any, of Coleman's no contest plea on the grounds for relief asserted in the petition.

"A guilty or no-contest plea involves a waiver of many substantial constitutional rights." *Fautenberry v. Mitchell*, 515 F.3d 614, 636 (6th Cir. 2008) (citing *Boykin v. Alabama*, 395 U.S. 238, 243 (1969)); *see also* (Doc. No. 26-8 at 20-31) (informing Coleman of the rights he would be waiving by a plea of no contest). As the Supreme Court has held,

> a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea.

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973). But, "when state law permits a defendant to plead guilty without forfeiting his right to judicial review of specified constitutional issues, the defendant is not foreclosed from pursuing those constitutional claims in a federal habeas corpus proceeding." *Lefkowitz v. Newsome*, 420 U.S. 283, 293 (1975). Under Ohio law, a "plea of no contest does not preclude a defendant from asserting upon appeal that the trial court prejudicially erred in ruling on a pretrial motion, including a pretrial motion to suppress evidence." Ohio R. Crim. P 12 (I); *see also* (Doc. No. 26-1 at 146) (Coleman stated in his plea agreement, "I understand my right to appeal a maximum sentence, my other limited appellate rights and that any appeal must be filed within 30 days of my sentence.").

8

Following the reasoning of my colleagues in the Northern District, I find a no contest plea in Ohio is not the *unconditional* guilty plea that generally "'bars *any* subsequent non-jurisdictional attack on the conviction.'" *Werth v. Bell*, 692 F.3d 486, 495 (6th Cir. 2012) (emphasis added) (quoting *United States v. Corp*, 668 F.3d 379, 384 (6th Cir. 2012) (internal citations omitted)); *see e.g.*, *Enyart v. Coleman*, 29 F. Supp. 3d 1059, 1083-87 (N.D. Ohio 2014); *Harvey v. Tambi*, No. 12-cv-3037, 2015 WL 5055470, at *14-*17 (N.D. Ohio Aug. 26, 2015). Instead, the *Lefkowitz* exception applies, allowing me to consider certain limited issues on federal habeas review. Accordingly, I reject Magistrate Judge Parker's finding that "Coleman may only attack the court's jurisdiction and the voluntary and intelligent character of the plea." (Doc. No. 67 at 19).

Pursuant to *Lefkowitz* and Ohio Rule of Criminal Procedure 12(I), I can consider only the constitutionality of the trial court's *rulings* on pretrial motions. Ground Three is precluded from review because there was no pretrial motion relating to this issue. Ground Four is also precluded because, while there was a pretrial motion, the court had not ruled on the motion when Coleman voluntarily entered the plea. Coleman asserts no independent federal constitutional basis that would allow me to consider these issues on federal habeas review. But, Grounds One and Two may be considered on federal habeas review since they concern the trial court's ruling on Coleman's motion to suppress. Therefore, while I rejected the reasoning of the Magistrate Judge's recommendation for dismissal, I concur in the result and dismiss the third and fourth grounds for relief presented in Coleman's § 2254 petition.

B.      Motion to Suppress

Coleman's first and second grounds for relief challenge the trial court's ruling on his motion to suppress, claiming the denial was a violation of the Fourteenth Amendment. He asserted these claims on every level of the state appellate process as a federal constitutional question, satisfying the exhaustion requirement of AEDPA. (Doc. No. 26-2 at 86-95, 97-111, 127). Magistrate Judge Parker recommends I deny Grounds One and Two as "fully and fairly litigated" Fourth Amendment

9

claims precluded from federal habeas review. (Doc. No. 67 at 13-16). Coleman objects to Magistrate Judge Parker's citation to *Stone v. Powell*, 428 U.S. 465 (1976), contending he never made any filings with respect to this petition relating to the Fourth Amendment. (Doc. No. 73 at 5, Doc. No. 77 at 1, 7-8).

A motion to suppress is the mechanism utilized to implement the exclusionary rule, "a judicially created means of effectuating the rights secured by the Fourth Amendment." *Stone*, 428 U.S. at 482. As discussed by the Ohio Court of Appeals in this case, the Sixth Circuit has held that suppression of evidence is "a remedy for Fourth Amendment violations," not Fourteenth Amendment Equal Protection Clause violations. *United States v. Nichols*, 512 F.3d 789, 794 (6th Cir. 2008) ("[W]e are aware of no court that has ever applied the exclusionary rule for a violation of the Fourteenth Amendment's Equal Protection Clause."), *overruled on other grounds as recognized in United States v. Buford,* 632 F.3d 264, 269 (6th Cir. 2011); *see also United States v. Cousin*, 448 F. App'x 593, 594 (6th Cir.), *cert. denied* 568 U.S. 829 (2012). The Fourteenth Amendment relates to suppression of evidence only through the application of the Fourth Amendment exclusionary rule. *See Hudson v. Michigan*, 547 U.S. 586, 590 (2006) (citing *Mapp v. Ohio,* 367 U.S. 643 (1961)). Therefore, even though Coleman cites only the Fourteenth Amendment in his § 2254 petition, I agree with Magistrate Judge Parker and find these grounds for relief must be analyzed as Fourth Amendment claims.

As Fourth Amendment claims, my review is limited to whether "the State has provided an opportunity for full and fair litigation" of the claims. *Stone*, 428 U.S. at 494. If it has, "a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* On federal habeas review, the court must ask only whether there was "an available avenue for the prisoner to present his claim to the state courts, not [conduct] an inquiry into the adequacy of the procedure actually used to resolve that particular claim." *Good v. Berghuis*, 729 F.3d 636, 639 (6th Cir. 2013), *cert. denied* 135 S.Ct. 1174

10

(2015). Here, Coleman had a full and fair opportunity to present his Fourth Amendment claim on the trial court level and two levels of appellate review, as provided by the state of Ohio; there was no "sham proceeding." *See, e.g., Hoffman v. Harris*, No. 16-3994, 2017 WL 3951852, at *2- *3 (6th Cir. Apr. 5, 2017) (citing *Good*, 729 F.3d at 639); *Enyart v. Coleman*, 29 F. Supp. 3d 1059, 1087-95 (N.D. Ohio 2014). Because Coleman's first and second grounds for relief are based on the fully and fairly litigated motion to suppress, asserted pursuant to the Fourth Amendment, in the state court, they are precluded from federal habeas review and dismissed, accordingly.

C. Ineffective Assistance of Appellate Counsel

In his fifth ground for relief, Coleman contends his appellate counsel was ineffective in failing to raise the issues presented in Grounds Three and Four of this petition on appeal. He raised this issue in his Rule 26(B) Application to Reopen the appeal. The Court of Appeals denied the Application, applying *Strickland v. Washington*, 466 U.S. 668 (1984), and holding Coleman's appellate counsel was not ineffective. (Doc. No. 26-1 at 141-42). Coleman exhausted this claim by appealing to the Supreme Court of Ohio, who declined jurisdiction. *Id.* at 165. Considering the claim on the merits, Magistrate Judge Parker recommends I deny this ground for relief because the state court did not unreasonably apply the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). (Doc. No. 67 at 24-25). Although Coleman referred to the ineffectiveness of his appellate counsel in his objections, he did not object to the Magistrate Judge's recommendation with respect to this ground for relief. I, too, find the decision of the Ohio Court of Appeals was not "contrary to…or an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." Therefore, Coleman's fifth ground for relief is denied on the merits.

D. Outstanding Motions

Since filing his § 2254 petition for habeas corpus relief, Coleman has filed numerous motions with this court as well as objections to nearly every order of Magistrate Judges Greg A. White and Thomas M. Parker, who have ruled on Coleman's motions. Coleman has continued this

11

practice during the time Magistrate Judge Parker's R & R has been pending before me. Currently, there are two objections to Magistrate Judge Parker's orders and two motions pending before me. The four documents present three main issues: (1) whether Magistrate Judge Parker properly denied Coleman's motion for a "docket statement" and additional discovery (Doc. No. 72); (2) whether Magistrate Judge Parker should be recused from this matter (Doc. No. 78); and (3) whether additional evidence should been entered into the record. (Doc. Nos. 70, 81). I will address these issues in turn.

1.  Denial of Motion for Docket Statement

On motion to the court, Coleman was granted permission to proceed *in forma pauperis*. (Doc. No. 10). After filing several motions and a traverse to return of writ citing portions of the trial court documents and transcripts (Doc. No. 35), Coleman moved for an order to provide a docket statement pursuant to 28 U.S.C. § 2250. (Doc. No. 39). Magistrate Judge Parker denied the request. (Doc. No. 53). Coleman renewed the request for a docket statement, also requesting discovery in the form of exhibits used in the state court proceedings and other documents, some of which had already been supplied to him during these proceedings. (Doc. No. 56). Respondent objected. (Doc. No. 58). The Magistrate Judge found in Respondent's favor, denying Coleman's renewed motion. (Doc. No. 68). Coleman now objects to that order. (Doc. No. 72).

Under 28 U.S.C. § 2250, an *in forma pauperis* habeas petitioner is not entitled to any document requested free of charge; the clerk's office need only furnish documents requested when ordered to do so by "the judge before whom the application is pending." *See, e.g.*, *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) ("[A]n indigent § 2254 petitioner does not have a constitutional right to access a free transcript in order to search for error.") (citing *Hines v. Barker*, 422 F.2d 1002, 1006-07 (10th Cir. 1970)); *United States v. MacCollum*, 426 U.S. 317, 327 n.5 (1976) (citing cases holding indigent petitioners seeking collateral relief are not entitled to a free copy of transcripts). Before granting a request, the judge must determine if the petitioner has shown a "particularized need" for the

documents requested. *Bozeman v. United States*, 354 F. Supp. 1262, 1263-64 (E.D. Va. 1973); *see, e.g.*, *United States v. Hoover*, 416 F.2d 431, 432 (6th Cir. 1969) (holding "where [an indigent § 2255 habeas] petitioner seeking a transcript has stated the reasons why he believes his conviction is contrary to law and a transcript is indispensable to the filing of a motion, then it may be granted at the government's expense."); *United States v. Heflin*, No. 11-cr-307, 2016 WL 4537059 (N.D. Ohio Aug. 30, 2016) (requiring the petitioner to show a *need* for discovery in a § 2255 action).

In this case, Coleman requested physical exhibits presented during the state court trial, the state's response and the trial court's judgment entry to a motion filed in February 2013, and "the entire transcripts of the trial court." (Doc. No. 56). As asserted by Respondent, Coleman had already received the documents related to the February 2013 motion. (Doc. No. 26-1 at 54-67, 115-29; Doc. No. 58). Further, other than the exhibits referenced, it appears that he was given a copy of the entire state court record for use in preparing his traverse to return of writ, which specifically cites portions of the state court record. (Doc. No. 35).

Coleman failed to give any *particularized* need for the state court exhibits in his amended motion, which was denied by Magistrate Judge Parker. (Doc. No. 56). In the objection currently before me, Coleman states he needs the exhibits to prove racial profiling for purposes of his Fourteenth Amendment Equal Protection Clause claims. (Doc. No. 72). But, as stated above, the grounds for relief regarding the motion to suppress are governed by the Fourth Amendment and are precluded from consideration on federal habeas review. No exhibits regarding proving racial profiling are pertinent to this petition. Because Coleman failed to state a particularized need for the documents requested and they are not indispensable to a decision on this matter, I find Magistrate Judge Parker properly denied Coleman's motion and overrule Coleman's objection to the order. (Doc. No. 72).

2. Motion for Recusal of the Magistrate Judge

Coleman moves for recusal of Magistrate Judge Parker based on the denial of the motions for "docket statement" and the denial of certification of an Ohio constitutional question. (Doc. No. 78). "Under 28 U.S.C. §§ 144 and 455, a judge must recuse herself if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir 1990) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860-62 (1988)). Under the objectively reasonable standard, a judge will not be recused solely based on a petitioner's subjective allegation that the judge has made "erroneous and atypical ... judicial rulings." *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990) (citations omitted). Instead, the judge may be recused only when he has a personal bias that "'stem[s] from an extrajudicial source and result[s] in an opinion on the merits on some basis other than what the judge learned from his participation in the case.'" *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251-52 (6th Cir. 1989) (quoting *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1965)). Here, Coleman refers to no extrajudicial source of the alleged bias, but cites only to Magistrate Judge Parker's rulings on this case. Because Coleman has failed to prove objective bias as required, the motion for recusal is denied. (Doc. No. 78).

3.  Expanding the Record

Finally, Coleman objects to Magistrate Judge Parker's order denying his request to submit an additional affidavit into the record. (Doc. No. 70). Coleman also moves the court to take judicial notice of certain documents. (Doc. No. 81). But, I may only allow additional materials to be submitted, expanding the record, when the petition has not been dismissed. *See* Rules Governing § 2254 Cases, Rule 7(a), 28 U.S.C. foll. § 2254. Since all of Coleman's grounds for relief were dismissed or denied for the foregoing reasons, the petition must be dismissed as a matter of law and the record may not be expanded. Therefore, Coleman's objection to Magistrate Judge Parker's order denying the motion to introduce an additional affidavit is overruled. (Doc. No. 70). Coleman's

motion to take judicial notice is also denied as moot as the documents he seeks to admit would have no material effect on the outcome of the analysis. (Doc. No. 81).

## V. CONCLUSION

For the foregoing reasons, I adopt Magistrate Judge Parker's R & R with a single exception as mentioned above (Doc. No. 67) and overrule all of Coleman's objections. (Doc. Nos. 70, 72, 73, 76, 77). Coleman's § 2254 petition for a writ of habeas relief is dismissed. (Doc. No. 1). Coleman's motion for recusal of the Magistrate Judge and motion for judicial notice are also denied. (Doc. Nos. 78, 81). Further, I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge